UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| MICHAEL LEE BARNETT, | CASE NO. 08-14497-NPO |
| DEBTOR. | CHAPTER 7 |
| TASHIANA THOMAS AND BARRY HAMILTON | PLAINTIFFS |
| V. | ADV. PROC. NO. 09-01010-NPO |
| MICHAEL LEE BARNETT | DEFENDANT |

## MEMORANDUM OPINION
## DENYING MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on the Motion for Summary Judgment of Plaintiffs Tashiana Thomas and Barry Hamilton (the "Motion")(Adv. Dkt. No. 11), the Statement of Uncontested Facts (the "Statement")(Adv. Dkt. No. 12), and the Memorandum in Support of Motion for Summary Judgment (the "Brief")(Adv. Dkt. No. 13), filed by Tashiana Thomas and Barry Hamilton (the "Plaintiffs"). The Defendant, Michael Lee Barnett (the "Debtor"), did not respond to the Motion. The Court, having considered the Motion and related pleadings, finds as follows:[1]

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). Notice of the Motion was proper under the circumstances.

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Facts

On October 28, 2008, the Debtor filed a voluntary petition (the "Petition")(Dkt. No. 1) under chapter 7 of the Bankruptcy Code. On February 3, 2009, the Plaintiffs filed the Adversary Complaint to Determine Dischargeability of Debt (the "Complaint")(Adv. Dkt. No. 1) in this adversary proceeding (the "Adversary"). In ¶ 9 of the Complaint, Plaintiffs assert that the Debtor is indebted to them (the "Debt") in the amount of $10,375.47, plus $1,424.78 (interest from February 9, 2007 to the date Debtor filed the Petition), less $3,102.72 already paid to Plaintiffs through wages garnished from Debtor's paycheck pursuant to a judgment issued from the County Court of Washington County, Mississippi, on February 22, 2007 ("State Court Judgment")(Adv. Dkt. No. 1, Ex. D). Plaintiffs seek a judgment declaring the Debt nondischargeable under 11 U.S.C. § 523(a)(2)(A).[2]

At some point prior to August 2003, the Debtor purchased a 1997 Ford Expedition (the "Vehicle") from Dermott Auto Sales in Arkansas. (Statement, ¶ 1). On August 14, 2003, the Debtor and his wife filed a voluntary petition under chapter 13 of the Bankruptcy Code in this Court. (Statement, ¶ 2). That bankruptcy case (the "Prior Case") was assigned the number 03-15192. Commercial Bank and Trust Company ("Commercial Bank") filed a proof of claim for the Vehicle in the Prior Case. Commercial Bank was listed in the Debtor's plan in the Prior Case as a secured creditor (03-15192, Dkt. No. 8), and the Court entered an order approving the chapter 13 plan (03-15192, Dkt. No. 27). The Prior Case was dismissed, however, by order of the Court on April 21, 2005, for failure to make plan payments. (03-15192, Dkt. No. 40). On June 30, 2005, the chapter

---

[2] Hereinafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise noted.

13 trustee submitted her Final Report (03-15192, Dkt. No. 44) which indicated that there was a balance due on Commercial Bank's secured claim in the amount of $3,315.23 and on its unsecured claim in the amount of $5,560.63.

Plaintiffs allege that the Debtor represented to them that the only lien on the 1997 Ford Expedition (the "Vehicle") was held by Delta Southern Bank in Greenville, Mississippi ("Delta Southern Bank") and would be satisfied with proceeds from the sale of the Vehicle to Plaintiffs. (Brief, p.2). Plaintiffs also assert that Debtor knew that since his Prior Case had been dismissed without benefit of a discharge, Commercial Bank's lien was still in place and encumbered the title to the Vehicle. (Brief, pp. 2-3).[3] Further, Plaintiffs allege that the Debtor made the representation with the intent to deceive them. (Brief, p. 3). Plaintiffs claim damages in the amount set forth in the State Court Judgment. (Motion, pp. 5-6).

## Discussion

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, states that summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the pleadings,

---

[3] While the Brief states that the Debtor knew the representation that only Delta Southern Bank's lien existed was false (Brief, p. 2), both the Motion and the Statement say that Debtor "knew or should have known as of the date that he sold the subject vehicle to [Plaintiffs] that the lien of Commercial Bank [] was still in effect." (Motion, ¶ 19; Statement, ¶ 16)(emphasis added). The Motion and the Statement do not set forth the correct standard. Pursuant to the case law discussed further on p. 4 of this Memorandum Opinion, in order to prevail on the Motion, Plaintiffs must show by a preponderance of the evidence that the Debtor actually knew that Delta Southern Bank's lien was not the only lien on the Vehicle at the time he stated it was. Moreover, on the evidence presented, it is unclear to the Court how may security interests were attached to the Vehicle at the time the representation was made.

depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party," and material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips Oil Co. v. OKC Corp., 812 F.2d 265, 272-73 (5th Cir. 1987). Rule 56(e) further provides, in relevant part:

> When a motion for summary judgment is properly made and supported as provided in this rule, an opposing party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); see also Medlock v. Commission for Lawyer Discipline, 24 S.W.3d 865, 870 (C.A. Tex. 2000).

**B.    Section 523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge a debt:

for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - -

(A) false pretenses, a false representation, or actual fraud, . . . ."

Section 523 should be construed liberally in favor of the debtor. *See* Boyle v. Abilene Lumber, Inc. (In re Boyle), 819 F.2d 583, 588 (5th Cir. 1987).

The party objecting to discharge of the debt must demonstrate that: (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor actually and justifiably relied on the representations; and (5) the creditor sustained losses as a proximate result of the representations. General Electric Capital Corp. v. Acosta (In re Acosta), 406 F.3d 367, 372 (5th Cir. 2005); AT&T Univ. Card Servs. v. Mercer (In re Mercer), 246 F.3d 391, 403 (5th Cir. 2001); *see also* RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1292 (5th Cir. 1995); Bank of Louisiana v. Bercier (In re Bercier), 934 F.2d 689, 692 (5th Cir. 1991). Moreover, "[t]he creditor must prove by a preponderance of the evidence that the debt is nondischargeable." RecoverEdge L.P., 44 F.3d at 1292 (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).

**C.    The Case at Bar**

The Court notes that it has discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofonov, 69 F.3d 59, 61 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989). Given the evidence currently before the Court, the Court finds that the parties should proceed to trial to

develop the record.

To prevail on the Motion, Plaintiffs not only must show that the Debtor made the representation that the only lien on the Vehicle was one held by Delta Southern Bank which would be satisfied as part of the sale to Plaintiffs thus giving the Debtor clear title to convey to Plaintiffs (Dep. Tr. p. 36), Plaintiffs must also show by a preponderance of the evidence that the Debtor knew the representation was false at the time he made it and that Debtor made the representation with the intent to deceive Plaintiffs. *See* Acosta, 406 F.3d at 372. Plaintiffs have failed to carry that burden. The State Court Judgment does not set forth any findings to support such allegations or that the Debt was obtained by "false pretenses, a false representation, or actual fraud. . . . ." *See* § 523(a)(2)(A). Likewise, the deposition testimony of the Debtor does not support such allegations. To the contrary, the Debtor's deposition testimony could be read to support the proposition that the Debtor believed that when he satisfied the lien of Delta Southern Bank with proceeds of the sale of the Vehicle to Plaintiffs, he had clear title to pass to Plaintiffs (Dep. Tr. p. 17, ll. 4-5; p. 47, ll. 8-11; p. 49, ll. 3-6).

Therefore, based on the evidence currently before the Court, genuine issues of material fact appear to exist, including but not limited to, whether the Debtor knew his representation that the Delta Southern Bank lien was the only lien on the Vehicle was false at the time he made it, and whether he made the representation with the intent to deceive Plaintiffs.[4] Accordingly, Plaintiffs have failed to show that they are entitled to summary judgment.

---

[4] Having found that genuine issues of material fact exist, the Court does not opine as to whether Plaintiffs have satisfied their burden as to the fourth and fifth factors set forth in Acosta. *See* Acosta, 406 F.3d at 372.

Page 6 of 7

## Conclusion

Accordingly, for the reasons set forth herein, the Court finds that the Motion is not well-taken and should be denied. A separate order consistent with this Memorandum Opinion will be entered by this Court.

*[signature]*

Neil P. Olack
United States Bankruptcy Judge
Dated: November 17, 2009